Daniel Cohen, AZ Bar # 032552
CONSUMER ATTORNEYS, PLLC
68-29 Main Street
Flushing, NY 11367
Telephone: (718) 770-7901
Fax: (718) 715-1750
E: dcohen@consumerattorneys.com

Emanuel Kataev, Esq.
*Pro Hac Vice Motion Forthcoming*
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Sheena Hunter on behalf of herself*
*and others similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Sheena Hunter, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Patriot's Promise, A Place at Home, American Healthcare Solutions LLC and Alexandr Caudill<br><br>Defendants. | Case No.:<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff Sheena Hunter (hereinafter "Plaintiff"), on behalf of herself and others similarly situated, by and through her attorneys, Consumer Attorneys PLLC, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendants Patriot's Promise ("Patriot's Promise"), A Place at Home

("APAH"), American Healthcare Solutions LLC ("AHSLLC") (AHSA&A, APAH, and AHSLLC collectively hereinafter the "Corporate Defendants") and Alexandr Caudill (hereinafter "Caudill" or the "Individual Defendant) (the Corporate Defendants and the Individual Defendant collectively hereinafter the "Defendants") and alleges as follows:

## INTRODUCTION

1.  Plaintiff brings this lawsuit seeking recovery against Defendants for its violation of the Fair Labor Standards Act, as amended (hereinafter the "FLSA"), 29 U.S.C. §201 *et seq.,* Arizona Minimum Wage Act (A.R.S. §23-363 *et seq.*) ("AMWA"), and Arizona Wage Payment Act (A.R.S. §23-350 *et seq.*) ("AWPA").

2.  During the period relevant to this action, on or about April 2023 through the date of Plaintiff's employment termination on or about August 2024, Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff for all worked hours including overtime compensation as required by federal law.

3.  Plaintiff has initiated this action on behalf of herself and others similarly situated to recover unpaid wages and overtime compensation she has been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over Defendants' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.  Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt caregiver duties for the benefit of Defendants in Arizona including within the city of Scottsdale and County of Maricopa.

7. Plaintiff falls within the protections of the FLSA, AMWA, and AWPA.

**PARTIES**

9. Plaintiff is an adult individual who is and is a resident of Maricopa County within the State of Arizona.

8. Plaintiff was employed by Defendants in the State of Arizona during the period of about April 2023 through August 2024.

9. The Corporate Defendants are each business entities formed under the laws of Arizona with a primary office located within the State of Arizona.

10. Upon information and belief, Caudill is an individual residing within the State of Arizona who exercised supervisory authority over Plaintiff while employed by the Corporate Defendants.

11. At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of Arizona.

**STATEMENT OF FACTS**

12. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff and others similarly situated for all hours worked, including for all overtime compensation she earned for every workweek.

- 3 -

13. Plaintiff began working for Defendants, previously doing business under the name APAH in or around April 2023, as a caregiver.

14. While employed, Plaintiff typically and customarily performed compensable caregiver and related job duties for the benefit of Defendants and their customers with an official work schedule of Monday through Friday, from about 8:00 AM to around 5:00 PM, for a total of at least forty-five (45) hours a week.

15. Defendants however failed to pay minimum wage and overtime compensation to the Plaintiff under the FLSA, AMWA, and AWPA by failing to pay her at least the minimum wage for all hours worked and an hourly wage that was equal to or greater than Plaintiff's regular rate of pay for all time spent performing labor in excess of forty (40) hours of her regular workweek.

16. As a result of the non-payment of Plaintiff's wages and overtime compensation, Plaintiff was damaged in an amount to be determined at trial.

17. On or about February 2024, after Plaintiff endured weeks of the Defendants' failure to pay her overtime hours she worked, Plaintiff complained with APAH about non-payment of wages and late payment of wages.

18. Defendants referred Plaintiff's complaint to Antonio Olvera, a supervisor of Defendants, who in turn, directed the complaints to Defendants which responded that its systems were hacked and provided numerous other excuses.

19. Upon information and belief, Defendants opted to terminate Plaintiff's employment rather than investigate the Plaintiff's complaint.

20. Upon information and belief, Defendants' reason to summarily fire Plaintiff was due to a decision to cease working with APAH.

21. However, such action was clearly a pretext for Plaintiff's complaints concerning unpaid wages considering that APAH continued in existence with ("AHSA").

22. At all times relevant, Defendants had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties for more than forty (40) hours per week.

23. At all times relevant, Defendants had actual knowledge that it was obligated under the FLSA to track and record Plaintiff's compensable hours accurately and with precision.

24. At all times relevant, Defendants had actual knowledge that it was obligated to pay Plaintiff all wages due and owing for all hours Plaintiff worked each week and to pay Plaintiff overtime wages at the time one-and-one-half (1.5) rate for overtime Plaintiff worked in excess of forty (40) hours each week.

25. Plaintiff was then relieved from her employment with Defendants after around sixteen (16) months of not receiving proper compensation for her overtime compensation earned and having her complaints concerning the same fall on deaf ears.

26. At all times during her employment for Defendants, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding her work performance.

27. Upon information and belief, Defendants at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA.

28. As a result of Defendants' violation and failure to pay proper wages and overtime compensation, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that she should have received for her regular hours and overtime hours in compliance with the FLSA.

29. Furthermore, Defendants' willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate her hours work and determine if she was being paid time-and-a-half in accordance with the FLSA.

30. As a result of these violations of Federal labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

31. Plaintiff also respectfully seeks interest (pre-judgment and post-judgment), attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

32. Plaintiff brings this action individually and as representatives on behalf of all their current and former non-exempt employees who have been or were employed by Defendants within the statutory period of three (3) years (the "Collective Action Period"), and who were compensated at rates less than the statutory rate of time and one-half, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

33. The collective action class is so numerous that joinder of all members is impracticable.

34. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately one hundred twenty (120) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

35. Therefore, Plaintiff submit that this matter should be certified as a collective action under the FLSA 29 U.S.C. § 216(b).

36. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

37. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

38. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

39. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

40. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

41. There will be no difficulty in the management of this action as a collective action.

42. Questions of law and fact common to the members of the collection action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.

43. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

   b. Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

   d. Whether the Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek in violation of the FLSA and the regulations promulgated thereunder;

  e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to, compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorney's fees.

44. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

45. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CAUSES OF ACTION

### COUNT I
### RECOVERY OF UNPAID WAGES AND OVERTIME COMPENSATION PURSUANT TO THE FLSA, AMWA and AWPA

46. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

47. Defendants knowingly and willfully failed to pay Plaintiff for the actual work rendered.

48. Plaintiff is entitled to compensation for each her overtime hours worked each work week.

49. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, A.R.S. §23-363 *et seq.*, and A.R.S. §23-350 *et seq.* and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

50. Defendants have failed to pay Plaintiff and the Collective Action Members overtime for hours that they worked in excess of forty (40) hours in a workweek.

51. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

52. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

53. Because Defendants' violations of the Act were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

54. As a result of Defendants' unlawful acts, Plaintiff and the Collective Action Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of himself and Collective Action Members, respectfully requests that this Court grant the following relief:

A. Against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA, AMWA and AWPA in the amount equal to the amount of unpaid wages, interest (pre-judgment and post-judgment), attorneys' fees and costs; and

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, AMWA and AWPA;

C. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

D. Designation of Plaintiff as Representative of the Collective Action Members;

E. Such other injunctive and equitable relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted this 10th day of June 2025.

By: */s/ Daniel Cohen*
Daniel Cohen, AZ Bar # 032552
CONSUMER ATTORNEYS, PLLC
68-29 Main Street
Flushing, NY 11367
Telephone: (718) 770-7901
Fax: (718) 715-1750
E: dcohen@consumerattorneys.com

Emanuel Kataev, Esq.
*Pro Hac Vice Motion Forthcoming*
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Sheena Hunter on behalf of herself*
*and others similarly situated*